UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AISSA YERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:15-cv-740-WTL-TAB |
| ) | |
| LIFE INSURANCE COMPANY OF ) | |
| NORTH AMERICA d/b/a/ CIGNA GROUP ) | |
| INSURANCE and PREMIERE CREDIT ) | |
| OF NORTH AMERICA, LLC, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTIONS TO DISMISS**

This cause is before the Court on Defendants Life Insurance Company of North America d/b/a/ CIGNA Group Insurance ("LINA")'s[1] and Premiere Credit of North America, LLC ("Premiere")'s motions to dismiss (Dkt. Nos. 15, 20.)  The motions are fully briefed, and the Court being duly advised, **DENIES** LINA's motion and **GRANTS** Premiere's motion for the reasons and to the extent set forth below.

### I. STANDARD

The Defendants move to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to

---

[1] Defendant Life Insurance Company of North America ("LINA") alleges that it has been incorrectly sued as Life Insurance Company of North America d/b/a Cigna Group Insurance. This Entry will refer to this Defendant as LINA, although the Plaintiff refers to it as Cigna.

state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007).

## II.    BACKGROUND

The Plaintiff, Aissa Yero, began this action in state court on March 11, 2015. Yero's Complaint contains four counts, all alleged against both Defendants: (1) breach of contract; (2) promissory estoppel; (3) lack of good faith and fair dealing; and (4) negligence. According to the Complaint, the facts of which the Court accepts as true for purposes of this ruling, Yero applied for benefits made available to her as an employee of Premiere, including accidental death insurance in the amount of $250,000 for her husband, Dennis Fink.

On August 29, 2014, Yero received her first paycheck from Premiere, and no premium was deducted for any employee benefit plan. However, a premium for the voluntary insurance coverage applicable to Fink was deducted from Yero's second and subsequent paychecks on September 9, 2014; September 26, 2014; October 10, 2014; October 24, 2014; November 7, 2014; and November 21, 2014. Fink was struck by multiple motor vehicles on October 3, 2014, and suffered fatal injuries. Premiere terminated Yero's employment on November 6, 2014.

On November 7, 2014, Yero submitted a Group/Association – Proof of Loss Life Insurance Accidental Death Insurance form. LINA sent Yero a letter dated December 3, 2014, denying her claim based on the "Eligibility Waiting Period for Class 6 Employees" and because

"Dennis Fink died before [Aissa Yero was] considered to be in a Covered Class." (Dkt. No. 1-1 at 6.) Following the denial, Premiere attempted to refund the premium payments deducted from Yero's paychecks in the total amount of $13.86. On December 9, 2014, Yero received a benefits summary showing that the accidental death insurance applicable to Fink became effective as of September 1, 2014.

On December 19, 2014, after LINA had denied her claim, Yero received a summary by email from a representative of ECMC, the parent company of Premiere, showing her benefits while she was employed at Premiere. The statement confirmed that the accidental death benefit applicable to Fink became effective on September 1, 2014. On January 21, 2015, Yero submitted an appeal of the denial of her claim to LINA. On February 4, 2015, LINA denied the appeal, stating that Yero was not eligible to receive coverage under the policy.

On May 8, 2015, LINA removed this cause to this Court. In the notice of removal, LINA argued that this Court had jurisdiction because Yero's state law claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA").

### III.   DISCUSSION

Defendants have moved to dismiss on the ground that the Plaintiff's claims are preempted by ERISA. Premiere also moves to dismiss on the ground that, as Yero's former employer, it is not a proper defendant.

#### A. ERISA Preemption

ERISA provides for the preemption of "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has explained that "a law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85,

96-97 (1983). The preemption provision is deliberately expansive. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987).

An employee insurance policy is covered by ERISA if it is a "(1) a plan, fund or program, (2) established or maintained, (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits, (5) to participants or their beneficiaries." *Ed Miniat, Inc. v. Globe Life Ins. Grp., Inc.*, 805 F.2d 732, 738 (7th Cir. 1986). A suit claiming benefits under an ERISA plan may be brought only under ERISA, and "parallel State law remedies are preempted." *Rud v. Liberty Life Assurance Co. of Boston*, 438 F.3d 772, 777 (7th Cir. 2006). However, there is a regulatory exemption, known as the "safe harbor" provision, that exempts pure, third-party insurance programs from ERISA coverage. Under the safe harbor exception, "employee welfare benefit plans" do not include group or group-type insurance programs offered by an insurer to employees or members of an employee organization, under which:

(1) No contributions are made by an employer or employee organization;

(2) Participation in the program is completely voluntary for employees or members;

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program....

29 C.F.R. § 2510.3–1(j).

The group accident policy in this case satisfies the definition of an "employee welfare benefit plan" and does not fall under the safe harbor provision. The group policy is part of a "plan, fund or program" because it specifically identifies the persons eligible for coverage and establishes detailed procedures for receiving benefits. The subscriber listed in the policy is ECMC Group, Inc., (Dkt. No. 1-1 at 15), and Premiere Credit of North America, LLC, is an affiliate covered under the policy (Dkt. No. 1-1 at 14). The policy itself indicates that the claims procedures applicable to plans are subject to ERISA (Dkt. No. 1-1 at 64).

These facts, readily apparent from reading the group policy, support the conclusion that ECMC Group, Inc., of which Premiere Credit of North America, LLC, is an affiliate, "established and maintained" the group policy by contracting with LINA to administer the plan and participating in the creation of the policy. *See Shyman v. Unum Life Ins. Co.*, 427 F.3d 452, 454–55 (7th Cir. 2005) (an employer establishes a plan under ERISA when it pays a portion of its employees' premiums*)*; *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 537 (7th Cir. 2000) ("An employer establishes and maintains a plan if it enters a contract with the insurer and pays its employees' premiums.").

These facts also establish that the group policy falls outside the safe harbor provision, as the policy states that the cost of the coverage is paid by the Subscriber and the Employee for each class of covered persons. *See Shyman*, 427 F.3d at 454 (employer that pays part of insurance program fees for its employees is outside safe harbor provision); *Brundage–Peterson v. Compcare Health Serv, Ins. Corp.*, 877 F.2d 509, 511 (7th Cir. 1989) (employer outside safe harbor provision if it contracted with insurer and designated which employees were eligible under plan).

Also, it is clear that the group policy satisfies the fourth and fifth prongs of ERISA's definition of an "employee welfare benefit plan." These prongs require the plan to provide benefits to "participants and beneficiaries." A "participant" is "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). As alleged in Yero's complaint, the accidental death insurance plan was made available to her as an employee of Premiere.

Thus, Yero's state law claims "relate to" the ERISA plan and are therefore preempted by ERISA. However, the Seventh Circuit has directed District Courts not to dismiss complaints under such circumstances. Accordingly, the Court **DENIES** LINA's motion to dismiss, as Yero's Complaint sufficiently states a plausible claim for which relief may be granted under ERISA. *See McDonald v. Household Intern, Inc.*, 425 F.3d 424 (7th Cir. 2005). The Court **STRIKES** Yero's requests for punitive damages and a jury trial. *See Harsch v. Eisenberg*, 956 F.2d 651 (7th Cir. 1922) (punitive damages not recoverable in ERISA claim); *Mathews v. Sears Pension Plan*, 144 F.3d 461 (7th Cir. 1998) (no right to jury trial in ERISA case).

### B.  Premiere as Proper Defendant

Premiere also moves for dismissal with prejudice because it claims that, as Yero's former employer, it is not a proper defendant. The Seventh Circuit has generally held that the proper defendant in a suit for benefits under an ERISA plan is normally the plan itself because the plan has the obligation to pay any benefits due. *See Feinberg v. RM Acquisition, LLC*, 629 F.3d 671, 673 (7th Cir. 2011). While there are some circumstances in which a plan administrator may be a proper defendant under ERISA, *see, e.g.*, *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997); *Mein v. Carus Corp.*, 241 F.3d 581, 584–85 (7th Cir. 2001); *Ayotte v. Prudential Ins., Co. of Am.*, 900 F. Supp. 2d 814, 819 (N.D. Ill. 2012), Yero's complaint does not

contain any facts which would support such a claim here. Rather, in her complaint, Yero makes this conclusory allegation: "Cigna and Premiere Credit operated a joint venture through an express or implied contract creating (1) a community of interests; and (2) joint or mutual control that is an equal right to direct and govern the undertaking that binds the parties to the agreement." (Dkt. No. 1-1 at 5). This statement fails to allege sufficient facts to state a claim for relief against Premiere that is plausible on its face. As such, the Court **GRANTS** Premiere's motion to dismiss. If Yero believes she has sufficient facts to support a claim against Premiere, she may file an amended complaint to assert that claim on or before **March 28, 2016**.

### IV.    CONCLUSION

The Court agrees with LINA that Yero's claims are preempted by ERISA. However, as Yero's complaint does state a plausible claim under ERISA, the Court **DENIES** LINA's motion to dismiss. However, Yero has failed to allege sufficient facts to state a claim for relief against Premiere under ERISA. Thus, the Court **GRANTS** Premiere's motion to dismiss.

SO ORDERED: 3/11/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.